# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4896-18T6

STATE OF NEW JERSEY,

     Plaintiff-Respondent,

v.

SHIRAZ K. KHAN,

     Defendant-Appellant.

_____

> Argued October 2, 2019 – Decided October 23, 2019
>
> Before Judges Yannotti and Hoffman.
>
> On appeal from the Superior Court of New Jersey, Law Division, Atlantic County, Indictment No. 19-06-1418.
>
> Robin Kay Lord argued the cause for appellant.
>
> John J. Santoliquido, Assistant Prosecutor, argued the cause for respondent (Damon G. Tyner, Atlantic County Prosecutor, attorney; John J. Santoliquido, of counsel and on the brief).

PER CURIAM

Defendant appeals from an order entered by the Law Division on June 11, 2019, which states that defendant shall be detained pretrial pursuant to the Criminal Justice Reform Act (CJRA), N.J.S.A. 2A:162-15 to -26. We affirm.

The record shows that on April 3, 2019, Egg Harbor Township police officers conducted a stop of a car defendant was driving due to certain motor vehicle violations, specifically, a fictitious registration, multiple license plate covers, and tinted windows. Defendant was the only occupant of the car. He admitted the car belonged to him, and no one else had entered or driven the car. According to the police, defendant consented to a search of the car.

The officers searched the vehicle and located seven Percocet pills, which defendant stated were his. In an after-market compartment in the car, commonly known as a "trap," the officers found promethazine hydrochloride and approximately 11.2 ounces of a white powdery substance, which was determined to be cocaine.

Defendant was charged in a complaint with first-degree manufacturing/distribution of five ounces or more of a controlled dangerous substance (CDS) or analog (cocaine); in violation of N.J.S.A. 2C:35-5(a)(1); third-degree possession of a CDS or analog (Percocet), in violation of N.J.S.A. 2C:35-10(a)(1); third-degree possession of a CDS or analog (promethazine

hydrochloride), in violation of N.J.S.A. 2C:35-10(a)(1); and third-degree possession of a CDS (cocaine), in violation of N.J.S.A. 2C:35-10(a)(1). In addition, defendant was charged in another complaint with third-degree distribution of a CDS or analog (cocaine) on or near school property, in violation of N.J.S.A. 2C:35-7(a).

The State thereafter filed a motion for defendant's pretrial detention pursuant to the CJRA. On April 16, 2019, the judge conducted a hearing and placed an oral decision on the record. The judge stated that based on defendant's prior criminal record, he faced a mandatory extended term of incarceration, which could include a life sentence. The judge noted that there is a presumption of detention under N.J.S.A. 2A:162-19(b), which defendant overcame by a preponderance of the evidence.

The judge found, however, that the State had shown by clear and convincing evidence that "no amount of monetary bail, non-monetary conditions or combination thereof, would reasonably assure the defendant's appearance [in court] when required, and the protection of the safety of any other persons or the community, and that the defendant will not obstruct or attempt to obstruct the criminal justice process." The judge accordingly entered an order which required defendant's pretrial detention.

A-4896-18T6

Defendant appealed and argued the judge's findings that he had rebutted the presumption of detention and that the State had established grounds for his pretrial detention were inconsistent and contrary to the applicable statutes and court rule. We entered an order dated May 17, 2019, remanding the matter to the trial court:

> to address, preferably in writing, defendant's argument that the court impermissibly and illogically used the very same proofs in its April 16, 2019 oral ruling . . . to find that defendant had rebutted the presumption of incarceration under N.J.S.A. 2A:162-19(b), while simultaneously finding that the State had overcome that showing by clear and convincing evidence under N.J.S.A. 2A:162-19(e)(2). The findings of fact and conclusions of law in the court's written companion order of April 16, 2019 does not discuss presumptions. The court shall clarify or reconcile its analysis and determine if analysis of presumptions is even appropriate.

On June 7, 2019, the judge filed a letter opinion stating that he had considered the proofs in light of the presumptions in the CJRA. The judge found that defendant had rebutted the presumption of detention in N.J.S.A. 2A:162-19(b) by a preponderance of the evidence, specifically, the recommendation for release with conditions in the Public Safety Assessment (PSA) issued by the Pretrial Services Program (PSP).

4

The judge further found that upon consideration of the totality of the circumstances, the State had established grounds for defendant's pretrial detention by clear and convincing evidence. The judge determined that no amount of monetary bail, non-monetary conditions, or a combination thereof would ensure defendant's appearance, the safety of any person or the public, or the integrity of the criminal justice system. The judge entered an order dated June 11, 2019, which continued defendant's pretrial detention. This appeal followed.

The CJRA permits the State to file a motion in the trial court for the pretrial detention of a defendant who is charged with certain offenses. N.J.S.A. 2A:162-19(a). When the State seeks the pretrial detention of a defendant who has not been indicted, the court first must determine whether there is probable cause the defendant committed the charged offense. If the court finds probable cause that the defendant committed murder in violation of N.J.S.A. 2C:11-3, or any crime for which the defendant would be eligible for an ordinary or extended term of life imprisonment,

> there shall be a rebuttable presumption that the eligible defendant shall be detained pending trial because no amount of monetary bail, non-monetary condition or combination of monetary bail and conditions would reasonably assure the eligible defendant's appearance in court when required, the protection of the safety of any

A-4896-18T6

other person or the community, and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process.

[N.J.S.A. 2C:162-19(b).]

The presumption of pretrial detention may be rebutted by a preponderance of the proof "provided by the eligible defendant, the prosecutor, or from other materials submitted to the court." N.J.S.A. 2A:162-19(e)(2). Furthermore, "if the presumption is rebutted by sufficient proof, the prosecutor shall have the opportunity to establish that the grounds for pretrial detention exist[.]" Ibid. To establish grounds for pretrial detention, the prosecutor must show by clear and convincing evidence

> that no amount of monetary bail, non-monetary conditions or combination of monetary bail and conditions will reasonably assure the eligible defendant's appearance in court when required, the protection of the safety or any other person or the community, and that the eligible defendant will not obstruct or attempt to obstruct the criminal justice process.
>
> [N.J.S.A. 2A:162-19(e)(3).]

Here, it is undisputed that defendant has been charged with an offense for which he would be eligible for an ordinary or extended term of life imprisonment. Therefore, under the CJRA, there is a rebuttable presumption that defendant should be detained pretrial. N.J.S.A. 2A:162-19(b). Here, the

6

judge found that the presumption had been rebutted by the recommendation in the PSA, which rated defendant as a "4" for risk of Failure to Appear, and "5" for risk of New Criminal Activity, but recommended defendant's release with weekly reporting.

The judge determined, however, that the State had established grounds for defendant's pretrial detention, as permitted by N.J.S.A. 2A:162-19(e)(3). The judge stated that the nature and circumstances of the charged offense is "a very weighty factor." The judge found that due to the nature and degree of the offenses and defendant's criminal record, there is a significant risk of flight.

The judge noted that the record shows that during the stop and later search, the officers found 11.2 ounces of cocaine hidden in the trap in the car, which "bespeaks an intent to distribute[.]" The judge stated that "[n]arcotics in this amount also endanger[] public safety."

The judge also stated that the State had "very weighty evidence" to support the charges, which include the personal observations of the officers involved in the stop; defendant's statement acknowledging possession of the vehicle and the Percocet in the car; and the CDS paraphernalia the officers had recovered. The judge acknowledged that defendant had raised issues regarding the search.

Moreover, the judge noted that he had considered defendant's history and characteristics, specifically, his character, physical and mental condition, and family ties. The judge considered defendant's lengthy criminal history. The judge stated that taking all of these factors into consideration, other forms of release with conditions would not be adequate to protect the community and assure defendant's presence when required. The judge stated that defendant's "escalating conduct" makes it clear defendant presents a risk to the community and a risk of reoffending.

In addition, the judge addressed the nature and seriousness of the risk that defendant would obstruct or attempt to obstruct the criminal justice process if released pretrial. The judge noted that defendant has a history of failing to appear. The judge also stated that defendant's use of a hidden compartment to "secret narcotics" shows a level of sophistication, which "bespeaks [the] ability and the ongoing likelihood that [defendant] will attempt to obstruct the criminal justice process."

The judge found that the State had established grounds for defendant's pretrial detention by clear and convincing evidence. The judge noted that while he had relied upon some of the same proofs in determining that defendant had rebutted the presumption of detention, and that the PSA had helped defendant

A-4896-18T6

overcome that presumption, the PSA failed to consider "a number of weighty facts." The judge concluded that considering the PSA, as well as the weight of the evidence, the nature of the charged offenses, and the pertinent facts and circumstances, defendant should be detained pretrial.

On appeal, defendant argues that the burden-shifting standards in the CJRA and the trial court's application of those standards are internally inconsistent. Defendant contends the trial court relied upon the same facts and arguments to reach the conclusions that he rebutted the presumption of detention under N.J.S.A. 2A:162-19(b), and that the State established grounds for his detention, under N.J.S.A. 2A:162-19(e)(3). We disagree.

As noted, in his opinion, the judge explained that he based his finding that defendant had rebutted the presumption of detention upon the recommendation for release in the PSA. The judge also explained that he based his finding that the State had established grounds for detention upon all of the relevant facts and circumstances.

Thus, the court did not rely upon the same facts and arguments to support its findings that defendant rebutted the presumption of detention and that the State had established by clear and convincing evidence the grounds for defendant's pretrial detention. We therefore reject defendant's contention that

the burden-shifting provisions of the CJRA are internally inconsistent and that they were inconsistently applied in this case.

Defendant also argues that the fact that he has been charged with a crime for which he is eligible for an extended term of life imprisonment is the reason for the presumption of detention under N.J.S.A. 2A:162-19(b). He therefore contends the court may not rely upon the nature of that offense or the potential life sentence in deciding whether the State has established grounds for detention under N.J.S.A. 2A:162-19(e)(3). Again, we disagree.

Nothing in the CJRA precludes the court from taking the nature of the offense and potential sentence into consideration in determining whether the presumption of detention under N.J.S.A. 2A:162-19(b) applied and in deciding whether the State has proven by clear and convincing evidence that defendant should be detained pretrial, as permitted by N.J.S.A. 2A:162-19(e)(3). This is not impermissible double-counting.

Indeed, N.J.S.A. 2A:162-20 expressly provides that in determining whether the State has met its burden of showing whether a defendant should be detained pretrial, the court may take into account:

    a. The nature and circumstances of the offense charged;

A-4896-18T6

b. The weight of the evidence against the eligible defendant, except that the court may consider the admissibility of any evidence sought to be excluded;

c. The history and characteristics of the eligible defendant, . . .

d. The nature and seriousness of the danger to any other person or the community that would be posed by the eligible defendant's release, if applicable;

e. The nature and seriousness of the risk of obstructing or attempting to obstruct the criminal justice process that would be posed by the eligible defendant's release, if applicable; and

f. The release recommendation of the pretrial services program . . .

Defendant also argues that the record does not support the trial court's determination that the State established grounds for his pretrial detention. He contends that in the CJRA the Legislature intended to limit pretrial detention to only the most serious cases where the presumption of detention under N.J.S.A. 2A:162-19(b) applies. He asserts that this case does not fall within that category.

Defendant contends he established he has substantial ties to the community, was employed, and only had one previous failure to appear. He asserts that the State failed to show that he was a flight risk and that such an

assumption cannot be made in every case where the defendant faces a lengthy prison term.

Defendant further argues that the judge improperly relied upon speculation and assumptions when he stated that defendant's release would pose a risk to the community. He also asserts that the record provides no basis for the assumption that he would obstruct or attempt to obstruct the criminal justice process.

We note that the decision on whether to order a defendant's pretrial detention is committed to the sound discretion of the trial court and will not be reversed unless shown to be a mistaken exercise of discretion. State v. S.N., 231 N.J. 497, 515 (2018) (citing State v. C.W., 449 N.J. Super. 231, 255 (App. Div. 2017)). To show an abuse of discretion, the defendant must establish that the trial court's decision "rest[s] on an impermissible basis," "was based upon a consideration of irrelevant or inappropriate factors," shows that the court "fail[ed] to take into consideration all relevant factors," and represents "a clear error of judgment." Id. at 515-16 (quoting C.W., 449 N.J. Super. at 255).

Here, the judge noted that defendant was found with 11.2 ounces of cocaine, which was concealed in a compartment or "trap" in his car. The judge found that possession of CDS in this amount bespeaks an intent to distribute and

poses a potential danger to the community. The judge further found that defendant has a lengthy criminal history and other forms of release had proven inadequate to protect the community. The judge also found that because defendant is eligible for an extended term of life imprisonment, he is "an extreme flight risk."

In addition, the judge found that defendant had attempted to frustrate the criminal justice process by using license plate covers, a fictitious vehicle registration, and a hidden compartment to conceal the CDS. The judge stated that defendant's use of a hidden compartment in the car to conceal the CDS shows a level of sophistication, which indicates defendant has the ability to obstruct the criminal justice process and is likely to do so.

We are convinced there is sufficient evidence in the record to support the trial court's findings of fact. The findings are not based on speculation or unsupported assumptions. We conclude the order requiring defendant's pretrial detention is not a mistaken exercise of discretion.

Affirmed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-4896-18T6